JUDGE STITES
delivered the. ohnion op the court:
Williams sued Martin and others for debt, and obtained an attachment to prevent the fraudulent disposition of their property. On the trial, he obtained a judgment, but his attachment was discharged, because of the insufficiency of the grounds presented by the affidavit, and he has brought the case up, complaining of the discharge.
The question is, whether the appellant has sufficiently alleged, in his affidavit, that the defendants were about to sell or dispose of their property, with the fraudulent intent to cheat, hinder, and delay.
The statement is in these words : “ He says he is informed, and believes, that the said Jesse Martin and Thomas Martin are about to sell, convey, or otherwise dispose of their property, with the fraudulent intent to cheat, hinder, and delay their creditors, &c.”
It seems to us that the circuit court properly held this insufficient. An attachment is allowable, under the Civil Code, where the defendant “ is about to sell, convey, or dispose of his property with the fraudulent intent to cheat, hinder, and delay, &c.,” (Civil Code, 221;) but such charge should be distinctly and unequivocally made. It is a material fact, and should be so averred, that a denial of the defendant would put it in issue.
This is the well established rule in ordinary pleading, and we can perceive no reason for its relaxation in a summary proceeding, only allowable in cases of emergency, and where the plaintiff would be without relief if left to his ordinary remedy.
Here the statement is, not that the defendants were about to convey, but that the plaintiff had been informed, and believed, they were. A denial would only put in issue the information *44 and belief of tbe plaintiff, and not the fact essential to the validity of the attachment. If the statement had been that he was informed, and believed, and so charged, that defendants were about to convey, &c., or in any other form making a direct allegation, though showing the grounds upon which it was based, it would have been sufficient. But without such direct averment, it is clearly defective.
The necessity of such averment is rendered more obvious, in this case, by the character of the verification.
The statement in the affidavit is, that the plaintiff “is informed, and believes, that the defendants are about to convey, dec.” The verification is, “ D. J. Williams says he believes the statements in the foregoing affidavit are true.” The effect of which is, that the plaintiff swears that he believes that “ he is informed, and believes, that the defendants will fraudulently convey.” What security will the requisition of an oath, for the verification of a-ground for an attachment, afford to parties defendant, if the statement of such ground is allowed in so loose and defective a manner?
The liberality of construction allowed by the Code was intended to secure the. rights of parties, but in nowise to prejudice them.
Judgment affirmed.