JUDGE DUVALL
delivered the opinion of the court.
This is an appeal from a final order of the court below, discharging an attachment which had been levied on one hundred and sixty acres of land, the legal title to which was in Eli Riley, but which was claimed by Lewis Riley. The circuit judge seems to have decided that Eli Riley held the legal title to the land for the use and benefit of the claimant, Lewis Riley; that the land was, therefore, not subject to the debts of the former, and, upon that ground, discharged the attachment.
This conclusion is not sustained by the record. It is obvious, upon the state of case presented by the answer of Lewis *471 Riley, and the exhibits filed with it, that Eli Riley was entitled to a vested interest in the land, which might have been subjected to the payment of his debts. The extent or value of that interest is a matter not now to be determined.
But the record presents another and a more available ground for the discharge of the attachment.
The Civil Code (section 222) provides that an order of attachment shall be made by the clerk of the court in which the action is brought, in any case mentioned in the first sub-division of section 221, when there is filed in his office an affidavit of the plaintiff, showing — ■
1. The nature of the plaintiff’s elaim;
2. That it is just;
3. The amount which the affiant believes he ought to recover; and,
4. The existence in the action of some one of the grounds for an attachment enumerated in that sub-division.
In this case the plaintiff filed with his petition two separate affidavits; in one of which it is alleged that the defendants had been absent from the state four months next before the commencement of the action; and in the other, that the defendants were non-residents of the state. But both the affidavits are silent as it respects the nature or justice of the plaintiff’s claim, or the amount he believed he was entitled to recover in the action. This defect in the affidavit is fatal to the validity of the attachment, and to all proceedings under it. The remedy is a summary one, and a party can entitle himself to it only by a strict compliance with the terms prescribed by law. It is true that if the petition, being sworn to, had contained a statement of all the matters required to be shown by the affidavit, a repetition of them in a separate affidavit would have become unnecessary, as was decided by this court in the case of Scott vs. Doneghy, (17 B. Mon., 324.) The petition here does substantially set out the nature of the plaintiff’s claim, and it might be conceded that the amount which he believed he was entitled to recover is stated with sufficient certainty; but the petition does not allege in terms, or in substance, that the plaintiff’s claim is just. An averment to this effect was *472 indispensable to the validity of the attachment. In the case of Taylor vs. Smith, (17 B. Mon., 542,) it was held that the affidavit containing a statement that the affiant believed “ the plaintiff ought to recover the amount of the note sued on,” was not sufficient, under the Code, to authorize the attachment, and it was vacated on that ground. That case certainly affords a strong illustration of the view then entertained by the court, in regard to the policy of enforcing a strict conformity with the salutary, though plain and simple rules, which the law has prescribed for the regulation of this summary and extraordinary remedy. And there can be no hardship in denying the benefits of this remedy to a party who is either unable or unwilling to comply with the express conditions upon which alone it may be resorted to.
It results that there was in this case no legal or sufficient ground for the attachment which was levied upon the land sought to be subjected to the debt against the non-resident defendants, and that the attachment was therefore properly discharged, though upon a different ground from that assumed by the court below.
And the judgment must, therefore, be affirmed.