CASE 70—PETITION—OCTOBER 31.

# Jenkins v. Jackson, Loving & Co.

8bu 373
109 319

APPEAL FROM WARREN COURT OF COMMON PLEAS.

1. ESTATE SUBJECT TO AN ORDINARY EXECUTION CAN NOT BE LEVIED ON AND SOLD UNDER AN ATTACHMENT issued under the provisions of "an act to authorize creditors in certain cases to garnishee before judgment and return of no property," approved March 15, 1870.

2. Said act contemplates no other proceeding than to subject the equitable estate of the debtor—viz., money, choses in action, or other equitable interest—which could not be levied on and sold under an ordinary execution.

T. H. HINES, . . . . . . . . . . . For Appellant,

CITED

Civil Code, sec. 221, and amendment of March 15, 1870.
Civil Code, sections 476, 477, 233.

R. RODES, . . . . . . . . . . . . For Appellees,

CITED

Revised Statutes, section 13, 1 Stanton, 262.
Session Acts, 1869–70, pages 90, 91.
Civil Code, sections 474–478, 858, 859.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellees, Jackson, Loving & Co., instituted their action in the Warren Court of Common Pleas against the appellant, Jenkins, on a note for nine hundred and six dollars. They allege the indebtedness of the appellant, his failure to pay, and make the following additional statement: "That their claim is just, and that their demand will be endangered from the delay arising before judgment or return of no property found; that the defendant has no property in the state subject to execution, and not enough to pay plaintiffs' demand, and they ought to recover the amount of said note, interest, and costs; wherefore they pray for an attachment," etc.

A bond was executed by the appellees, and an attachment issued under and by virtue of an act of the legislature, approved March 15, 1870, entitled "An act to authorize creditors in certain cases to garnishee before judgment and return of no property." The attachment issued was placed in the hands of the sheriff, and by him levied on a stock of goods, the property of appellant.

The appellant by an answer filed controverted the grounds of the attachment, and moved the court to discharge the same. This motion was overruled, and on the motion of the appellees the attachment was sustained, and the sheriff directed to sell the attached property; to all of which the appellant excepted and prayed an appeal.

Upon the hearing of the motions made by appellant to discharge, and the appellees to sustain, the attachment, it appeared in evidence that the appellant was a merchant in Warren County when this suit was instituted and the attachment obtained, and that the goods were not of sufficient value to satisfy appellees' claim.

The testimony, in our opinion, authorized an attachment under the act *supra*, and the only question presented by the record is as to the right of the sheriff to levy an attachment

obtained under the provisions of this act upon property of the defendant subject to be levied on and sold under an ordinary execution. The act provides that upon an affidavit being made (such as is contained in the petition of appellees) and a bond executed, "that the plaintiff shall have the right, at or after the commencement of his action, to subject to the payment of his demand by attachment any money, choses in action, or other equitable interest belonging to the defendant, or in which he is interested, and shall have all the remedies to which judgment creditors are now entitled under the provisions of chapter 5, title 10, of the Civil Code of Practice."

Section 221 of the Code provides that the plaintiff in an action may have his attachment issued at the time the suit is brought or afterward, and assigns eight distinct causes for which the same may be granted. This attachment may be levied upon any property of the defendant to which he has the legal or equitable title.

Section 474, chapter 5, title 10, Civil Code, provides that after the return of the *fieri facias* by the sheriff, directed to the county of the defendant's residence, or to the county in which the judgment was rendered "no property found," "the plaintiff in the execution may institute his action by equitable proceedings in the court from which the execution issued, or in the county where the defendant resides or is summoned, for the discovery of any money, choses in action, equitable or legal interest, and all other property to which the defendant is entitled, and for subjecting the same to the satisfaction of the judgment," etc.

No equitable interests of the defendant in an execution, in property or his choses in action, being subject to a levy and sale under a *fieri facias*, the remedy provided by section 474, *supra*, was for the purpose of subjecting this character of property to the payment of the claim of a judgment creditor when he had failed to make his debt by execu-

tion; and by an express provision of this section "the legal as well as the equitable estate" of the debtor is liable to the attachment.

The legislature deeming this act insufficient for the protection of the rights of creditors, passed the act, approved March 15, 1870, under which the present proceeding was instituted, by which the creditor, after making the affidavit as therein required and executing bond, can have his attachment issued before judgment, *and any money, choses in action, or other equitable interest owned by the debtor* subjected to the payment of his demand.

The legislature never designed by the enactment of this law to subject any of the estate of the debtor to this summary proceeding that could be levied on and sold under an ordinary execution. The facilities afforded dishonest debtors in disposing of the character of property mentioned in the act, even after judgment, for the reason that no execution could be levied upon it or create a lien thereon when in the hands of the sheriff, doubtless induced the passage of this law. The act gives to the creditor all the remedies to which he is entitled under the provisions of chapter 5, title 10, of the Civil Code, and this embraces the attachment to be issued, the right to proceed against the debtor where he resides or is summoned, or in the county where the action upon which the judgment obtained was instituted. The remedy, however, does not include or mean the right to levy on and sell all the property that can be sold under the provisions of chapter 5, title 10, Civil Code. The act we are now considering expressly defines the sort of property subject to the garnishee or attachment as "money, choses in action, or other equitable interests," etc., and no such liberal construction should be given it as to construe the remedies given for its enforcement into rights that would work so injuriously and oppressively to the debtor as to make all of the property owned by him, legal and equitable,

Jenkins v. Jackson, Loving & Co.

subject to an attachment upon the grounds prescribed by this enactment.

If the judgment of the court authorizing a sale of the goods levied on in this case was proper, we see no reason why, in any case where a debtor has not sufficient property to pay his debts, an attachment may not be issued and his property sold, however honest his efforts may be to meet his liabilities. This extraordinary and in many cases oppressive proceeding should not be sustained unless clearly authorized by the law under which the attachment issues; and although the creditor in this case may have had cause for his attachment, still the property levied on by the sheriff could not be sold under it. In addition to the reasons already given, this construction of the statute is not only authorized by the existing laws on the subject of attachments, whereby all the estate of the debtor in a proper proceeding can be made liable, but by the title of the act in question, entitled "An act authorizing creditors in certain cases to garnishee before judgment and return of no property," evidently contemplating no other proceeding than to subject the equitable estate of the debtor to the payment of his indebtedness.

For the reasons herein indicated the judgment of the court below as far as it directs the sale of the goods of the appellant under the attachment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.