### L. W. W. VICK *v.* JAMES KEILLY.

**Attachment—Property Subject to.**

> Under Act March 15, 1870, relating to garnishment before· judgment and return of "no property found," attachment can only be levied on money, choses in action, or equitable interests.

**Garnishment—Amendment of Affidavit.**

> A garnishee plaintiff cannot· so amend his affidavit as to render effective a levy that he had no right to have made under the first order sued out, and accomplish an end not contemplated at the commencement of the· proceeding.

APPEAL FROM MUHLENBERG CIRCUIT COURT.

September 30, 1873.

OPINION BY JUDGE LINDSAY:

The facts set out in the petition upon which the order of attachment was issued, show that it was the intention of appellant to avail himself of the rights conferred upon creditors by the act approved March 15th, 1870, entitled "An act to authorize creditors in certain

cases to garnishee before judgment and return of no property found." An order of attachment sued out under this act can only be levied on money, choses in action, or equitable interests. *Jenkins v. Jackson, Loving, etc.*, 8 Bush 373.

The levy in this case was not upon property subject to seizure and sale under execution, and could have been quashed even if the affidavit had been sufficient.

It may be that under the liberal provisions of the Civil Code appellant had the right to so amend his affidavit as to make it conform to the requirements of the act of March 15, 1870, but he did not offer to do so. He prepared and set up a ground of attachment under the 221st section of the Code. If he could do this, he could make valid and effectual a levy that he had no right to have made under the order first sued out, and accomplish an end not contemplated at the commencement of the proceeding. In other words, he would be allowed to abandon the original order of attachment and obtain a new one, and yet make the new relate back to and secure the benefits of the lien attempted to be secured under the proceeding voluntarily abandoned.

The circuit court properly adjudged that an amendment having this effect is not allowable under our rules of practice.

Judgment *affirmed*.

*J. C. Thompson, for appellant.*

————, *for appellee.*