*Root & Hawkins, for appellees.*

---

## Wm. W. Hedrick *v.* Jno. R. Peters.

**Judgment—For Sale of Property—Description.**
     A judgment directing the sale of property should be so specific in its directions as to enable the commissioner to execute the mandate without reference to any other paper in the case.

**Judicial Sales—Sale Subject to Purchase-Money Note.**
     In the sale of the equitable interest of a debtor in land, in which there is no defect of title, the land should be made subject to the payment of the purchase-money.

### APPEAL FROM BATH CIRCUIT COURT.

March 7, 1874.

OPINION BY JUDGE PRYOR:

The land sought to be sold is not described in either the petition, judgment or report of the commissioner. This court has heretofore decided that the judgment must be so specific in its directions as to enable the commissioner to execute the mandate without reference to any other paper in the cause.

We concur with the court below that the act of appellant in selling the bonds and paying some of his debts was not in contemplation of insolvency, and with a design to prefer these creditors. No judgment, however, should have been rendered on the bond for

the forthcoming of the property attached, as it could have been levied on by an ordinary execution; and, as decided in the case of Jenkins v. Jackson, Loving & Co., 8 Bush 373, such an estate cannot be levied on and sold under an attachment issued in accordance with the provisions of the act approved March 15, 1870. As there was no evidence of fraud on the part of appellant, the attachment could not have been sustained on that ground. His intention not to appropriate the proceeds of his bonds to the payment of this particular debt, should not be deemed fraudulent. The court, however, acted properly in sustaining the attachment, as the proof shows a state of case in which the creditor had the right to subject the choses in action or equitable estate of the debtor to the payment of the debt, but had no power to subject to sale under it, the legal estate of the appellant; and as to this character of property, it should have been discharged, or rather the same adjudged not liable to the attachment. Sec. 405 and 253, Civil Code, authorizes sales of real estate under attachment, or to satisfy a mortgage, on a credit of not less than three nor more than twelve months. Therefore the chancellor had the right to direct the sale upon the time mentioned in the judgment, although a larger credit might have resulted to the interest of both debtor and creditor. There is no defect in the title, and therefore the land should be made liable to the payment of the purchase money.

The judgment of the court below is reversed, and cause remanded with directions to set aside the sale and render a judgment describing the land to be sold, subjecting the same to the payment of the purchase money. The court will also set aside the judgment upon the bond for the forthcoming of the property, and dismiss the proceedings so far as it is attempted to subject the property mentioned in the bond by reason of the attachment.

The appellee should be permitted, if denied the right to amend these pleadings, to subject the land also to the payment of the last note.

Judge Peters not sitting.

*Nesbit, Gudgel, for appellant.*

*Reid, Stone, for appellee.*