## MIKE BUCKLEY, ET AL., *v.* JAMES WAKEFIELD, ET AL.

**Attachment—Garnishee—Pleading.**

An attachment creditor must aver in his petition or affidavit in direct terms or in substance that his claim is just, and that he verily believes he is entitled to recover the amount set forth.

**Garnishee—Pleading.**

> To authorize a judgment against one served as a garnishee it must be averred that the garnishee defendant is indebted to the attachment defendant, and it is not sufficient to aver that one verily believes that such garnishee is indebted to such defendant.

### APPEAL FROM FRANKLIN CIRCUIT COURT.

#### January 6, 1875.

OPINION BY JUDGE PETERS:

Appellees, in their petition, alleged that Mike Buckley has no property subject to execution, and their said debt of $174.05 will be endangered by delay of judgment and return of no property. Wherefore, they pray an attachment against the defendant, Mike Buckley; and they further state that they verily believe that James Fitzpatrick is indebted to the defendant, Mike Buckley, in a sum sufficient to fully pay their said debt. Wherefore these plaintiffs pray that said James Fitzpatrick be made a party to the proceedings, and that summons as garnishee be issued against the said James Fitzpatrick, that he may disclose on oath, and in court, the amount of his said indebtedness to said defendant, Mike Buckley; and these plaintiffs pray judgment against said defendant, James Fitzpatrick, in whatever sum he may be owing said Mike Buckley, and for all other proper relief. These are all of the allegations against Fitzpatrick contained in the petition. And the judge of the Franklin county court merely certifies that the petition was sworn to before him by the plaintiffs.

On that petition and verification, the defendants, Buckley and Fitzpatrick, were served with a summons, and an order of attachment was served on Fitzpatrick.

The defendants failed to answer; the petition was taken for confessed against both of them, and judgment rendered against Mike Buckley for the debt claimed in the petition, with interest from September 27, 1873, till paid, and costs. The attachment was sustained, and judgment rendered against Fitzpatrick for the debt, with interest from the date above named, and the costs of the suit. And from that judgment the defendants in the court below have appealed.

The petition is not sufficient to authorize a judgment against Fitzpatrick. Unless he was indebted to Buckley, appellees had no cause of action against Fitzpatrick. It was, therefore, the material fact to make out a case against him, and it should have been dis-

tinctly and unequivocally charged so that a denial in the answer would have put in issue that fact, whereas a denial of the allegation as made would only put in issue whether or not appellees verily believed Fitzpatrick owed Buckley $174.05. *Williams v. Martin, et al.,* 1 Met. 42.

Further, in order to sustain the attachment, it should have been stated in the petition or the affidavit, in direct terms or in substance, that the plaintiffs' claim was just, and that they verily believed they were entitled to recover the amount set forth. *Scott v. Doneghy,* 17 B. Mon. 321; *Worthington v. Cary, et al.,* 1 Met. 470.

Wherefore the judgment is *reversed* as to Patrick, and the cause remanded for further proceedings as to him not inconsistent with this opinion, and the judgment against Buckley is affirmed.

*W. L. Jett, for appellants.*
*J. L. Scott, for appellees.*