### John Fichtner *v.* J. F. Griffin & Son.

**Attachment—Affidavit.**

> To authorize the issuance of a writ of attachment, the affidavit upon which it is based must charge fraud, and aver that the affiant believes the charge to be true.

**Execution Levied—Lien of Execution—Attachment Lien.**

> Where before the issuing of an attachment the property sought to be attached had been levied upon by a proper officer pursuant to a judgment and execution, such levy created a lien superior to that sought to be created by the attachment, and the validity of such attachment may be brought in question by the execution creditor.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

June 8, 1877.

Opinion by Judge Pryor:

In the case of *Jenkins v. Jackson, Loving & Co.,* reported in 8 Bush 373, this court in construing the act of March 15, 1870, adjudged that an estate subject to an ordinary execution could not be levied on and sold under an attachment by reasons of the provisions of that act, that it contemplated no other proceeding than to subject the equitable estate of the debtor, etc.

As to the second ground of attachment, the statement is that the appellant believes that the debtor is about to make a fraudulent disposition of his property, and the affidavit annexed to it is to the effect that the affiant believes his belief to be true. Such an allegation will not sustain an attachment or authorize such a proceeding. See

*Williams v. Martin,* 1 Met. 42. There must be a direct charge of the fraud and an affidavit that the affiant believes the charge to be true.

Section 257 of the Code provides that any person may, before the sale of the attached property or before the payment to the plaintiff, present his petition disputing the validity of the attachment or stating his claim, etc. In this case an execution had been levied by a proper officer on the property in question during the pendency of appellant's action. This levy created a lien superior to that of the appellant, in the event the attachment was improperly issued or should not have been sustained. The validity of the attachment was brought in question by the execution creditor under the provision of the Code already referred to, and there being no ground for the attachment the court very properly adjudged the property liable to pay appellees' debt.

The execution of the appellee was issued on a judgment obtained before a justice of the peace. Justices have no stated terms in the city of Louisville and the party warranted is summoned to appear on a day fixed by the return, at least. In this case it appears that the debtor in the execution was summoned to appear and a day fixed for trial by the officer serving the summons. There was no defense made, and this court will not, on such a service, determine that the judgment is void. We see no error in the judgment rendered, and the same is now *affirmed.*

*T. B. Fairleigh, for appellant.　G. B. Eastin, for appellees.*