CASE 49—PETITION ORDINARY—JANUARY 13.

# Burdett v. Phillips and Bro.

APPEAL FROM MARION COURT OF COMMON PLEAS.

The only rational construction of section 194, subsection 2, Civil Code, is,. that an attachment is authorized against all the property of the debtor not exempt from execution, whenever he is without enough property subject to execution to satisfy the debt against him, although the debtor may have no design to do anything to render the collection of the debt less certain than if an attachment was issued forthwith.

RUSSELL & AVRITT FOR APPELLANT.

There was no sufficient proof to sustain the attachment. (Civil Code, sec. 194, subsec. 2.)

·BELDEN & SHUCK FOR APPELLEES.

The proof clearly sustains the attachment. (Sec. 194, Civil Code, sub-sec. 2.)

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellees brought this action against the appellant, and sued out a general attachment, which they caused to be levied upon a lot of hogs and other personal property, and an undivided interest in a tract of land.

The grounds for the attachment were controverted, but the court sustained it, and ordered the attached property to be sold, and this appeal questions the correctness of that ruling.

Two grounds for attachment were alleged, viz: (1) "That the defendant has sold and disposed of his property, and is.

about to sell and dispose of his property with the fraudulent. intent to cheat, hinder, and delay his creditors; (2) that the defendant has not property enough to satisfy plaintiff's demand, and the collection thereof will be endangered by the delay in obtaining judgment or a return of no property found."

There was no evidence sufficient to sustain the first ground, and the only evidence to sustain the second was, that the appellant was probably insolvent, and had been sued to the same term of the court by two other creditors.

Prior to the passage of the act of March 15, 1870, no ground of attachment similar to the second ground relied upon in this case was known to the laws of this state. Before that time, every ground for attachment under our laws, except the fact of the non-residence of the debtor or a return of *nulla bona*, imputed to the debtor some act or purpose injurious to the rights of the creditor.

That act authorized an attachment to subject to the payment of the plaintiff's demand any money, choses in action, or other equitable interest belonging to the defendant, when he had not enough property subject to execution to satisfy the plaintiff's claim, and there was danger of the loss of the debt on account of the delay in obtaining judgment and a return of no property found. (Acts 1869–'70, vol. 1, p. 90.)

In Jenkins v. Jackson, &c. (8 Bush, 373), it was held that nothing could be seized under that act except money, choses in action or other equitable interest, and that it did not authorize the seizure of property subject to execution.

The present Code, adopted since that decision was made, provides (sec. 194) that a plaintiff, at or after the commencement of the action, may have an attachment against the property of the defendant upon either of several grounds

therein specified, under which any property not exempt from execution may be seized.

Among the grounds so specified is the following:

"'In an action for the recovery of money due upon a contract, judgment, or award, if the defendant have no property in this state subject to execution or not enough thereof to satisfy the plaintiff's demand, and the collection of the demand will be endangered by delay in obtaining judgment or a return of no property found."

The language of the provision requires that two things shall concur before an attachment is authorized to be issued, but one of them seems to be a necessary concomitant of the other. The defendant must be without a sufficiency of property subject to execution to satisfy the plaintiff's demand, *and* the collection of the demand must be endangered by the delay in obtaining judgment or a return of no property found. But if the defendant has not enough property to satisfy the demand, then the collection is necessarily endangered by delay. It may be said, however, that the legislature did not intend to allow an attachment, for the reason alone that the defendant was unfortunately without property enough, subject to execution, to satisfy the debt sued for, and that it must have had reference to some danger to the security of the debt beside that which results from the poverty of the debtor; such, for instance, as a fraudulent sale or removal of such property as he might own. There was certainly no intention to presume such a purpose on the part of that large class of debtors to whom the first part of the section refers. And if it was only intended that an attachment might issue, when, as matter of fact, some fraud was contemplated, the provision was wholly unnecessary, because by other provisions of the section a fraudulent dis-

Burdett v. Phillips and Bro.

position of property, and an intention to make such dispo-
sition, is each made a ground for attachment, whether the
debtor has much or little property.

The only rational construction we are enabled to give the
statute is, that it authorizes an attachment against *all the
property* of the debtor not exempt from execution, when-
ever he is without a sufficiency of property, subject to exe-
cution, to satisfy the debt, although there may be no design
on his part to do anything that will render the collection of
the debt less certain than if an attachment was issued forth-
with. And that such was the intention of the law-making
department is made still more evident by the fact that this
court held, under the act of 1870 (8 Bush, 373), that only
choses in action and equitable interests could be seized under
an attachment issued under that act. The change in the
phraseology of the law indicates a purpose to change the
law as declared in the former statute. We have therefore
no alternative but to enforce the law as we find it plainly
written.

But, as said in Jenkins v. Jackson, "this extraordinary,
and, in many cases, oppressive proceeding, should not be
sustained unless clearly authorized by the law under which
the attachment issued." The evidence in the case does not
show that the appellant did not have enough property sub-
ject to execution to satisfy the debt sued for. It is not suffi-
cient that he is shown to have been insolvent. This may be
true, and he may yet have property enough to satisfy the
plaintiff's demand, and if he has, then the statute does not
authorize an attachment. The evidence does not show what
the property levied on is worth. Some of it was levied sub-
ject to a mortgage, but there is nothing in the record to show
the amount of the mortgage debt, nor is there anything to

show that all the property of the appellant subject to execution was levied on.    The court should therefore have. discharged the attachment.

Judgment reversed, and cause remanded for further pro-- ceedings in conformity to this opinion.