## P. B. GARVIN, ET AL., *v.* J. A. SMITH.

**Ground for Attachment.**

It is a good ground for the issuing of an attachment against property of a defendant not exempt from execution, where plaintiff alleges "that from the delay arising from obtaining judgment and return of no property found the collection of his debt will be endangered, and the defendant has not property enough in this state, subject to execution, to satisfy the plaintiff's demand."

### APPEAL FROM HART CIRCUIT COURT.

#### March 4, 1880.

OPINION BY JUDGE COFER:

In his amended petition Garvin alleged "that from the delay arising from obtaining judgment and return of no property found the collection of his debt will be endangered, and the defendant has not property enough in this state, subject to execution, to satisfy the plaintiff's demand."

This is, under the code, a separate ground for attachment, and, as held in a recent case, authorizes an attachment against any property of the defendant not exempt from execution. *Burdett v. Phillips,* 78 Ky. 246. This ground was not controverted, and the attachment should have been sustained.

Whether the appellee was a housekeeper is a question that was not raised upon the motion to discharge the attachment, and we need not consider that question here. It might, perhaps, have been raised by a motion to vacate the levy upon such of the property as was claimed to be exempt, but this is doubtful, as that would be a question upon which either party would be entitled to a trial by jury.

The order discharging Garvin's attachment must be reversed, and the cause remanded with directions to sustain the attachment. The amount of the debt of Craddock & Brother is less than $50, and this court has no jurisdiction to reverse the order discharging their attachment.

Judgment *reversed* on the appeal of Garvin and the appeal of Craddock & Brother is dismissed.

*Dawson & Martin, for appellants. S. M. Peyton, for appellee.*